IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-42289-TJM |
| | ) | |
| DAVID L. SCHNUELLE and | ) | CH. 12 |
| PAMELA S. SCHNUELLE, | ) | |
| | ) | |
| Debtor(s). | ) | |

ORDER

Hearing was held in Lincoln, Nebraska, on October 20, 2010, regarding Fil. #79, Application for Administrative Expenses, filed by Equifunding, Inc.; Fil. #80, Motion to Amend Chapter 12 Plan Post-Petition, filed by Equifunding, Inc.; Fil. #81, Resistance to Motion for Allowance and Payment of Administrative Expense Pursuant to 11 U.S.C. § 502(a), filed by the debtors; and Fil. #82, Resistance to Motion to Amend Chapter 12 Plan Post-Petition, filed by the debtors. John Hahn appeared for the debtors, James Overcash appeared as Chapter 12 Trustee, and Martin Pelster appeared for Equifunding, Inc.

The movant is the purchaser of the debtors' real estate through the county treasurer at a tax sale. Upon the initial purchase, the movant was provided tax sales certificates pursuant to Neb. Rev. Stat. § 77-1818 and 1819. Thereafter, the movant paid taxes for subsequent years. Pursuant to § 77-1818, the movant, by such purchases and payment, acquired a perpetual lien of the tax on the real property. After a certain statutory period of time, and following a procedure outlined in § 77-1831, the movant has a right to obtain a treasurer's tax deed for the real estate.

The debtor may redeem the property any time before the delivery of a tax deed by the county treasurer by paying the county treasurer, for the use of the movant, the sum mentioned in the movant's certificate, with interest thereon at the statutory rate from the date of purchase to the date of redemption, together with all other taxes subsequently paid and interest thereon from the date of such payment to the date of redemption. Neb. Rev. Stat. § 77-1824.

The movant purchased the real property at the treasurer tax sale pre-petition. Although the bankruptcy schedules noted that the movant held a lien for taxes, the movant was not given notice of the bankruptcy filing, the Chapter 12 plan, or the confirmation of the plan. Eventually, the movant became aware of the case and filed these motions.

The movant has filed a motion for allowance of administrative expense for the tax payments made post-petition. In addition, the movant has asked for the plan to be amended to provide the Nebraska statutory interest rate on the taxes that were paid pre-petition and represented by the tax sales certificate.

The post-petition taxes should be allowed as administrative expenses under § 503(b)(1)(B)(i) and earn the statutory interest rate as authorized under § 511 discussed below. The debtors assert that the pre-petition claim of the movant can be treated as if it were not a tax claim and the interest rate could be reduced pursuant to the plan, just as other secured creditors' interest rates may be modified by plan confirmation.

The Bankruptcy Code was amended in 2005 to add § 511 to establish uniformity in the rate of interest paid on deferred tax claims. 4 Collier on Bankruptcy ¶ 511.01. The statute provides that the payment of interest on a tax claim or on an administrative expense tax shall be the rate

determined under applicable non-bankruptcy law. § 511(a). In this case, that would be the Nebraska statutory interest rate of 14%.

However, the debtors point to subsection (b) and suggest that it means that there is an exception to the statutory rate required by subsection (a). Subsection (b) states, "In the case of taxes paid under a confirmed plan under this title, the rate of interest shall be determined as of the calendar month in which the plan is confirmed."

Subsection (b) does not indicate anything about the rate interest to be paid. Instead, it refers to a time frame for when the non-bankruptcy statutory interest rate shall commence. For example, if the interest rate had been 14% for a number of years prior to confirmation, but the legislature changed the statutory rate post-petition and pre-confirmation, the new rate in effect on the confirmation date would be the rate payable going forward.

Although the actual practice when a bankruptcy case is involved may be different, in order to redeem the real property, the statutory language requires the debtor to pay an amount equal to the taxes plus interest and make such payment to the county treasurer. The county treasurer, having received sufficient funds to enable the redemption of the property, then notifies the movant and, upon receipt of the tax sale certificates from the movant, makes a payment to the movant in full redemption. Neb. Rev. Stat. §§ 77-1824 and 1825. The payment by the debtor to the treasurer, through the Chapter 12 Trustee or otherwise, is payment on a tax claim. Section 511 of the Bankruptcy Code requires interest on such tax claims at the non-bankruptcy rate.

Generally, confirmation of a Chapter 13 plan binds all parties in interest, as provided for in § 1327(a), and modification should not be permitted except as authorized in § 1329, which section does not deal with changing the interest rate on a secured claim. However, the Supreme Court in United Student Aid Funds, Inc. v. Espinosa, ___ U.S. ___, 130 S. Ct. 1367 at 1377 (2010), recognized that a party could obtain relief from a final judgment by use of Rule 60(b)(4) of the Federal Rules of Civil Procedure (incorporated in Rule 9024 of the Federal Rules of Bankruptcy Procedure) if entry of the judgment deprived the movant of due process, such as a failure to provide notice or an opportunity to be heard.

Because the movant did not have notice of the case in time to object to the interest rate scheduled in the plan, its motion to modify the interest rate to comply with § 511 of the Code and Nebraska law is analogous to a Rule 60(b)(4) motion and is timely.

IT IS ORDERED that the motion for allowance of administrative expense claim and interest at the non-bankruptcy statutory rate (Fil. #79) and the motion requesting amendment of the plan to reflect the non-bankruptcy statutory interest rate on the pre-petition claim (Fil. #80) are both granted. The administrative claim must be paid over a reasonable period of time prior to completion of the plan, but not to exceed two years.

DATED:      October 26, 2010

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    John Hahn
    *Martin Pelster
    James Overcash
    U.S. Trustee

Movant (*) is responsible for giving notice of this order to other parties if required by rule or statute.